United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 11-13937-mdc
Edward B Horwitz                                                          Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2        User: John                  Page 1 of 1            Date Rcvd: Aug 11, 2016
                            Form ID: pdf900             Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 13, 2016.
db             #+Edward B Horwitz,    1011 N. Hancock Street,    Apt 207,    Philadelphia, PA 19123-2348

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Aug 12 2016 01:01:26      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
                                                                                              TOTAL: 1

                ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 13, 2016                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 11, 2016 at the address(es) listed below:
              ANDREW F GORNALL    on behalf of Creditor    The Bank of New York Mellon, et al...
               agornall@kmllawgroup.com,   bkgroup@kmllawgroup.com
              ANDREW N. SCHWARTZ    on behalf of Creditor    Pier 5 Condominium Owners Association
               andrew.schwartz@psinet.com
              CHRISOVALANTE  FLIAKOS    on behalf of Creditor    Bayview Loan Servicing, LLC paeb@fedphe.com
              JEROME B. BLANK    on behalf of Creditor    Bayview Loan Servicing, LLC et. al. paeb@fedphe.com
              JONATHAN J. SOBEL    on behalf of  Mark  Miller mate89@aol.com
              JONATHAN J. SOBEL    on behalf of     EBE, LLC mate89@aol.com
              JONATHAN J. SOBEL    on behalf of  Michael  Gendler mate89@aol.com
              JONATHAN J. SOBEL    on behalf of  Stephen  Meranus mate89@aol.com
              JOSEPH PATRICK SCHALK    on behalf of Creditor    Bayview Loan Servicing, LLC et. al.
               paeb@fedphe.com
              MICHAEL  GUMBEL    on behalf of Debtor Edward B Horwitz mgumbel@bainbridgelawcenter.com
              PATRICIA M. MAYER    on behalf of Creditor    Pier 5 Condominium Owners Association
               pmayer.esq@comcast.net,   nydia.ramirez@comcast.net
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                              TOTAL: 13

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In re: : Chapter 13
    Edward B. Horwitz, :
        Debtor. : Bankruptcy No. 11-13937-MDC

# O R D E R

**AND NOW**, after notice, this Court held a hearing on July 7, 2016 (the "Hearing"),[1] to consider the Motion to Modify Plan dated February 24, 2016 (the "Motion"), filed by Edward B. Horwitz (the "Debtor") that seeks authority from this Court to modify his First Amended Chapter 13 Plan dated July 12, 2011 (the "Confirmed Plan"), that was confirmed by an Order of this Court dated October 27, 2011.

**AND**, in support of the Motion, the Debtor filed an Amended Brief dated June 1, 2016 (the "Debtor's Brief").

**AND**, in response to the Motion, Bayview Loan Servicing, LLC ("Bayview") filed an Objection dated June 14, 2016 (the "Objection") and a Memorandum dated June 14, 2016, in support of its Objection.

**AND**, having considered the parties' arguments made to this Court in their papers and at the Hearing, it is hereby **ORDERED** and **DETERMINED**:

1.    The Debtor attached to the Motion a copy of his proposed Second Amended Chapter 13 Plan (the "Amended Plan").

2.    Pursuant to the Amended Plan, the Debtor proposes to surrender and to vest title to certain real property located at 7 Christopher Columbus Boulevard, Pier 5, Unit 115, Philadelphia, Pennsylvania (the "Property") in Bayview Loan Servicing, LLC, as Servicing Agent of the Bank of New York Mellon FKA The Bank of New York, as Trustee for Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-9T1, Mortgage Pass Through Certificates, Series 2007-9T1 ("BNY").

---

[1] Audio recording of Hearing 5/5/2016 @ 12:48 p.m., Bky. No. 11-13937MDC.

3. In support of his request to modify the Confirmed Plan, the Debtor alleges that, at the time he proposed and obtained confirmation of the Confirmed Plan, he did not know that he retained ownership of the Property.

4. Specifically, the Debtor alleges that, prior to filing for chapter 13 relief, the Pier 5 Condominium Owners Association (the "Association") commenced a foreclosure action in the Philadelphia Court of Common Pleas, obtained a judgment and scheduled a sheriff's sale of the Property in April 2011.

5. Believing that the sheriff's sale had occurred and the Debtor was thereafter disposed of his interest in the Property, the Debtor failed to list his interest in the Property on his Schedule A.

6. Based on his erroneous belief that he held no interest in the Property, the Debtor explains that the Confirmed Plan did not provide for the payment of any secured claims.

7. After the passage of some time, the Association filed a Motion for Relief from Stay dated February 28, 2013 (the "Lift-Stay Motion"), seeking relief from the automatic stay to foreclose on the Debtor's interest in the Property as a result of the Debtor's failure to pay post-petition condominium fees.

8. Pursuant to an Order dated March 21, 2013, this Court granted the Association's request for relief to foreclose on the Property.

9. Pursuant to the present Motion, the Debtor now alleges that the Debtor did not realize that the Property was not sold at a pre-petition sheriff sale until the Association filed the Lift-Stay Motion.

10. Accordingly, the Debtor argues that modification of the Confirmed Plan is necessary to enable him to address the Association's and BNY's secured claims that were previously not addressed.

**Whether the Amended Plan May Be Confirmed**

11. As provided by §1329(a), a debtor may request modification of a confirmed Chapter 13 plan provided that the proponent of the proposed modification demonstrates the occurrence of a material change in circumstances that were not anticipated at the time of confirmation. *In re Mellors*, 372 B.R. 763, 770 (Bankr. W.D. Pa. 2007); *In re Gallagher*, 332 B.R. 277, 283 (Bankr. E.D. Pa. 2005).

12. In addition, modification may not be permitted if the proposed amended plan does not comply with the requirements of §1325(a). *Mellors*, 372 B.R. at 774 (addressing whether proposed plan modification provided secured creditor with value less than the amount of the secured creditor's claim).

13. In its Objection, Bayview does not argue that the Debtor has not met his burden of demonstrating a material change of circumstances; rather, Bayview argues that the Amended Plan does not comply with §1325(a)(5).

14. Specifically, Bayview, in its capacity as servicing agent for BNY, objects to the Motion on the ground that the nonconsensual vesting of title to the Property in BNY violates §1325(a)(5).

    A.    **Section 1325(a)**

15. Pursuant to §1325(a)(5), a debtor may choose from three options when providing in a proposed plan for the payment of a secured creditor. *HSBC Bank USA, N.A. v. Zair*, 550 B.R. 188, 190 (E.D.N.Y. 2016) ("*Zair II*").

16. First, a proposed plan may be confirmed if the plan is accepted by each creditor holding an allowed secured claim provided for by the plan. 11 U.S.C. §1325(a)(5)(A).

17. Second, a proposed plan may be confirmed if (1) each secured creditor retains its lien until the full payment of the debt or the entry of discharge; and (2) each secured creditor is paid the present value, as of the effective date of the plan, of its allowed secured claim. 11 U.S.C. §1325(a)(5)(B); *In re Gonzalez*, Bky. No. 15-10628, 2016 WL 4739395, *4 (Bankr. E.D. Pa. Jul. 16, 2016).

18. Third, a proposed plan may be confirmed if the debtor surrenders to the secured creditor its collateral. 11 U.S.C. §1325(a)(5)(C).

19. In support of the Motion, the Debtor argues that the Amended Plan is confirmable because nonconsensual vesting of title to the Property in BNY is within the scope of the surrender option provided by §1325(a)(5)(C).

3

20. Based upon this Court's review of the case law cited by the Debtor's Brief, this Court has concluded that the Debtor's position is without merit.[2]

21. An emerging consensus of bankruptcy courts has determined that a proposed plan that forces a secured creditor, over its objection, to accept title to its collateral violates §1325(a)(5) and is therefore unconfirmable. *See, e.g., Zair II*, 550 B.R. at 203 ("the imposition of the far more 'consequential event' of vesting upon a non-consenting lender, who is entitled to the specific benefits and limitations of surrender, is inherently inconsistent with, and impermissibly impedes upon the creditor's rights sought to be preserved in §1325(a)(5)"); *Bank of New York Mellon v. Watt*, Civ. No. 14-02051, 2015 WL 1879680, *6 (D. Or. Apr. 22, 2015) ("in confirming a Chapter 13 plan that advanced nonconsensual vesting in conjunction with surrender, the bankruptcy court read language into the Bankruptcy Code that does not exist, as well as frustrated the purpose of the statute, which is to provide protection to creditors holding allowed secured claims."); *In re Tosi*, 546 B.R. 487, 496 (Bankr. D. Mass. 2016) ("The mandate of §1325(a)(5) still applies and bars confirmation of a vesting plan to which the

---

[2] In the Debtor's Brief, counsel for the Debtor relied on the bankruptcy court's opinion, *In re Zair*, 535 B.R. 15 (Bankr. E.D.N.Y. 2015) ("*Zair I*"). This decision was subsequently reversed and vacated by the District Court for the Eastern District of New York in its decision, *HSBC Bank USA, N.A. v. Zair*, 550 B.R. 188 (E.D.N.Y. Apr. 12, 2016). For whatever reason, the Debtor failed to identify the District Court's decision and relied exclusively upon the lower court's vacated opinion. The District Court's opinion was published on April 12, 2016. The reversal was noted on the Lexis database shortly thereafter. For whatever reason, the Westlaw database, at the time of the Hearing, did not reflect the relationship between the decisions. As of the date of this Order, the Westlaw database does identify the reversal of *Zair I* by the District Court.

Counsel for the Debtor filed his brief on June 1, 2016. Of note, counsel for Bayview filed its brief on June 14, 2016, and also failed to cite the District Court's decision. As required by Fed. R. Civ. P. 11 as made applicable to this proceeding by Fed R. Bankr. P. 9011, counsel's signature on any document filed with this Court constitutes a certification that counsel has undertaken a reasonable investigation into applicable law. *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 157 (3d Cir. 1986) ("The signature of counsel on a pleading certifies that a reasonable investigation of the facts and a normally competent level of legal research support the presentation."). Perhaps counsels' omissions may be explained by their preferred methods of legal research. Whatever the reason for this omission, this Court will use this opportunity to remind counsel appearing before this Court that Shepardizing cases relied upon in their briefs should be considered necessary to satisfy their Rule 11 obligations, as well as their professional obligations to their clients and the courts. *See, e.g., Disantis v. Allstate Ins. Co.*, Civ. No. 95-6700, 1996 WL 195387, *6 (E.D. Pa. Apr. 19, 1996) (concluding that counsel disregard the Rules of Professional Conduct by failing to identify subsequent cases that would have been revealed by Shepardizing the case law relied upon in its brief); *Cimino v. Yale University*, 638 F.Supp. 952, 959 n.7 (D. Conn. 1986) ("The court is unable to discern whether sloppy research or warped advocacy tactics are responsible for these errors of omission, but the Corporation Counsel is admonished that diligent research, which includes Shepardizing cases, is a professional responsibility…"); *Robinson v. City of Philadelphia*, 666 A.2d 1141, 1143 (Pa. Commw. Ct. 1995) (sanctioning counsel for relying upon case law that, after sherpardization, would have revealed contrary controlling legal authority).

secured creditor does not assent."); *In re Sherwood*, Bky. No. 15-10647, 2016 WL 355520, *7 (Bankr. S.D.N.Y. Jan. 28, 2016) ("a chapter 13 plan may not be confirmed over the objection of a secured creditor where the plan proposes to vest title to surrendered property in that creditor."); *In re Rose*, 512 B.R. 790, 794 (Bankr. W.D.N.C. 2014) ("forcing a lender to take title causes it to assume burdens of ownership for which it did not contract").

22. Having reviewed these decisions and finding their logic convincing, this Court agrees that the surrender option provided under §1325(a)(5)(C) does not permit or otherwise contemplate non-consensual vesting.

23. The surrender option permits a debtor to make a secured creditor's collateral available to the secured creditor who may, in its sole discretion, choose whether to exercise its state law rights in the collateral. *Sherwood*, 2016 WL 355520, *7 ("Courts have long recognized that surrender under section 1325(a)(5)(C) preserves the creditor's options under nonbankruptcy law, including the option to do nothing to recover its collateral."); *In re Service*, 155 B.R. 512, 514 (Bankr. E.D. Mo. 1993) (Whether to proceed with its remedies is within the sole discretion of Security Pacific, and Debtors may not compel Security Pacific enforce its rights.").

24. Accordingly, the effective exercise of the surrender option is premised upon the mutual consent of a debtor and the creditor secured by the surrendered collateral. *See, e.g., In re Behanna*, 381 B.R. 631, 640 (Bankr. W.D. Pa. 2008) (recognizing the "key to surrender is 'mutual' consent" of the debtor and the creditor secured by the surrendered collateral).

25. Due to the absence of mutual consent, forced vesting may not be considered the equivalent of surrender.

26. A secured creditor may not be forced to take title to its collateral over its objection. *Zair II*, 550 B.R. at 203 ("the weight of persuasive authority supports a finding that a secured creditor's rights under §1325(a)(5) are impermissibly compromised by a Chapter 13 plan that provides for non-consensual vesting under §1322(b)(9)"); *In re Service*, 155 B.R. at 514 ("although the Debtors have provided for satisfaction of Security Pacific's secured claim by surrendering its collateral, absent Security Pacific's

5

consent, Debtors may not compel this creditor to accept surrender nor enforce its rights and take title to the realty.").

27. Because neither BNY or Bayview consents to taking title of the Property, this Court must conclude that the Amended Plan does not comply with §1325(a)(5)(C).

28. Notwithstanding the language of §1325(a)(5), the Debtor argues that forced vesting of title to the Property is permitted by the language of §1322(b)(9) that provides for the vesting of property of the estate in a debtor or any other entity.

**B.    Section 1322(b)(9)**

29. Reference to §1322(b)(9) does not alter this Court's conclusion that, in the absence of consent, plan that contemplates nonconsensual vesting of title to collateral in the creditor secured by said collateral is prohibited by §1325(a)(5).

30. In reaching this conclusion, this Court adopts *Zair's II* logic as expressed in the following passages:

> Thus, the flaw in the Appellees' argument is the misapprehension that simply because the Code authorizes the use of vesting under some circumstances, that vesting must be appropriate in all circumstances. Such a construction is patently at odds with the permissive nature of §1322(b)(9), which allows a plan to be confirmed with or without its inclusion. By contrast §1325(a)(5) is not permissive. It is mandatory. A plan which does not strictly conform to one of its enumerated requirements is not confirmable.
>
> …
>
> There can be no dispute that wielding the option of vesting under §1322(b)(9) as a method of forcing the lender's hand to take some action with respect to the collateral that it would not otherwise take is a material curtailment of these rights. Thus, although the statutory language at issue does not expressly foreclose the possibility that real property may, under appropriate circumstances, be surrendered to and vested in the same secured creditor, in the Court's view, the incompatibility of these concepts in situations *where the creditor withholds its consent* is self-evident.

*Zair II,* 550 B.R. at 202 (emphasis added).

6

**Conclusion**

31. Having determined that the forced vesting of title to the Property contemplated by the Amended Plan does not conform with §1325(a)(5), this Court concludes that the Amended Plan is therefore not confirmable over Bayview's objection.

32. Accordingly, the Motion is hereby **DENIED**.

Dated: August 11, 2016

_____
MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Michael Gumbel, Esquire
Bainbridge Law Center
850 S. 2nd Street
Philadelphia, PA  19147

Jerome Blank, Esquire
Phelan Hallinan Diamond & Jones, LLP
One Penn Center Plaza
1617 John F. Kennedy Boulevard, Suite 1400
Philadelphia, PA  19151

William C. Miller, Esquire
Chapter 13 Trustee
1234 Market Street, Suite 1813
Philadelphia, PA  19107

United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA  19107

Courtroom Deputy
Eileen Godfrey