United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 11-13937-mdc
Edward B Horwitz                                                          Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2        User: admin              Page 1 of 2            Date Rcvd: Feb 24, 2017
                            Form ID: 3180W           Total Noticed: 12

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 26, 2017.
db              #+Edward B Horwitz,    1011 N. Hancock Street,    Apt 207,    Philadelphia, PA 19123-2348

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg              E-mail/Text: bankruptcy@phila.gov Feb 25 2017 02:13:50      City of Philadelphia,
                  City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                  Philadelphia, PA  19102-1595
smg              E-mail/Text: RVSVCBICNOTICE1@state.pa.us Feb 25 2017 02:12:43
                  Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                  Harrisburg, PA  17128-0946
smg             +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Feb 25 2017 02:13:32      U.S. Attorney Office,
                  c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
12518009         EDI: BECKLEE.COM Feb 25 2017 01:43:00      American Express Centurion Bank,
                  c o Becket and Lee LLP,    POB 3001,    Malvern, PA 19355-0701
13349943        +E-mail/Text: bkmailbayview@bayviewloanservicing.com Feb 25 2017 02:13:33
                  BAYVIEW LOAN SERVICING, LLC,    4425 PONCE DE LEON BLVD 5TH FLOOR,
                  CORAL GABLES, FLORIDA 33146-1837
12430709        +E-mail/Text: mgumbel@bainbridgelawcenter.com Feb 25 2017 02:12:17      Bainbridge Law Center,
                  850 S. 2nd Street,    Philadelphia, PA 19147-3430
12443534        +EDI: IRS.COM Feb 25 2017 01:43:00      Internal Revenue Service,    P O Box 7346,
                  Philadelphia, PA 19101-7346
12587849         EDI: RESURGENT.COM Feb 25 2017 01:43:00      LVNV Funding LLC,    Resurgent Capital Services,
                  PO Box 10587,    Greenville, SC 29603-0587
12682163         EDI: BL-CREDIGY.COM Feb 25 2017 01:43:00      Main Street Acquisition Corp,    Becket and Lee LLP,
                  Attorneys/Agent for Creditor,    POB 3001,    Malvern, PA 19355-0701
12530735         EDI: PRA.COM Feb 25 2017 01:43:00      Portfolio Recovery Associates, LLC,    PO Box 41067,
                  Norfolk, VA 23541
13037206        +EDI: OPHSUBSID.COM Feb 25 2017 01:43:00      Vanda, LLC,    c/o Weinstein & Riley, P.S.,
                  2001 Western Ave., Ste. 400,    Seattle, WA 98121-3132
                                                                                              TOTAL: 11

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
12788407*      ++PORTFOLIO RECOVERY ASSOCIATES LLC,    PO BOX 41067,    NORFOLK VA 23541-1067
                (address filed with court: Portfolio Recovery Associates, LLC,     POB 41067,
                  NORFOLK, VA 23541)
                                                                                               TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 26, 2017                           Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 23, 2017 at the address(es) listed below:
              ANDREW  SPIVACK    on behalf of Creditor    Bayview Loan Servicing, LLC et. al. paeb@fedphe.com
              ANDREW F GORNALL    on behalf of Creditor    The Bank of New York Mellon, et al...
               agornall@kmllawgroup.com, bkgroup@kmllawgroup.com
              ANDREW N. SCHWARTZ    on behalf of Creditor    Pier 5 Condominium Owners Association
               andrew.schwartz@psinet.com
              CHRISOVALANTE  FLIAKOS    on behalf of Creditor    Bayview Loan Servicing, LLC paeb@fedphe.com
              JEROME B. BLANK    on behalf of Creditor    Bank of America, NA etal paeb@fedphe.com

```
District/off: 0313-2          User: admin              Page 2 of 2                  Date Rcvd: Feb 24, 2017
                              Form ID: 3180W           Total Noticed: 12
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
```
              JEROME B. BLANK    on behalf of Creditor   Bayview Loan Servicing, LLC et. al. paeb@fedphe.com
              JONATHAN J. SOBEL    on behalf of  Michael  Gendler mate89@aol.com
              JONATHAN J. SOBEL    on behalf of  Stephen  Meranus mate89@aol.com
              JONATHAN J. SOBEL    on behalf of  Mark  Miller mate89@aol.com
              JONATHAN J. SOBEL    on behalf of    EBE, LLC mate89@aol.com
              MICHAEL   GUMBEL    on behalf of Debtor Edward B Horwitz mgumbel@bainbridgelawcenter.com
              PATRICIA M. MAYER    on behalf of Creditor    Pier 5 Condominium Owners Association
               pmayer.esq@comcast.net,   nydia.ramirez@comcast.net
              THOMAS I. PULEO    on behalf of Creditor    The Bank of New York Mellon, et al...
               tpuleo@kmllawgroup.com,   bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                             TOTAL: 15
```

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Edward B Horwitz** | Social Security number or ITIN   xxx–xx–2784 |
| | First Name   Middle Name   Last Name | EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _ |
| | | EIN   _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court  **Eastern District of Pennsylvania**

Case number:  **11–13937–mdc**

# Order of Discharge   12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Edward B Horwitz

2/23/17

**By the court:**   Magdeline D. Coleman
United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**